## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUDLOW CORPORATION<br>and<br>THE LUDLOW COMPANY, LP,<br><br>    Plaintiffs,<br><br>v.<br><br>CONMED CORPORATION<br>and<br>MEDTRONIC, INC.,<br><br>    Defendants. | Civil Action No. 00-CV-10167-GAO |

### ANSWER OF DEFENDANT CONMED CORPORATION

Defendant ConMed Corporation ("ConMed") answers in response to the First Amended Complaint ("Complaint") filed by plaintiffs Ludlow Corporation and The Ludlow Company LP (collectively "Ludlow") against ConMed and Medtronic, Inc. ("Medtronic") as follows:

Parties, Jurisdiction and Venue

1. Denied. ConMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies them.

2. Denied. ConMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies them.



3. Admitted in part; denied in part. ConMed admits that it is a corporation organized under New York law and admits that it has a place of business at 310 Broad Street, Utica, New York. ConMed denies, however, that this is its principal place of business.

4. Denied. ConMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies them.

5. Admitted in part; denied in part. ConMed admits that the Complaint purports to state a claim for patent infringement, but denies that there is any basis in fact for these allegations. The remaining allegations of this paragraph constitute conclusions of law to which no answer is required, and they are therefore denied. ConMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to defendant Medtronic, and therefore denies those allegations.

6. Denied. The allegations of this paragraph constitute conclusions of law to which no answer is required, and they are therefore denied. To the extent that the allegations contained in paragraph 6 of the plaintiff's Complaint may be considered factual, they are denied. ConMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to defendant Medtronic, and therefore denies those allegations.

## Averments Common to All Counts

7. Denied. ConMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies them.

8. Denied. ConMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies them.

9. Admitted in part; denied in part. ConMed admits that pursuant to an Asset Purchase Agreement dated June 10, 1993 (the "Asset Purchase Agreement"), ConMed Acq. Inc., a wholly-owned subsidiary of ConMed, acquired from Medtronic substantially all of the assets of Medtronic Andover Medical, Inc. ("AMI"). ConMed also admits that a License Agreement dated July 12, 1993 was entered into between ConMed Acq. Inc. and Medtronic (the "License Agreement"), a copy of which is attached as Exhibit 1 to the Complaint. ConMed denies the remaining allegations of paragraph 9.

10. Admitted in part; denied in part. ConMed admits that a copy of the License Agreement is attached as Exhibit 1 to the Complaint. The remaining allegations of paragraph 10, which purport to summarize portions of the License Agreement, are denied, because the License Agreement itself is the best evidence of its contents.

11. Denied, except that ConMed admits that it has made minor modifications to the formulations of a few of the hydro-gels manufactured by AMI as of July 12, 1993, as permitted by the License Agreement. Further answering, ConMed denies that it has ever made, used or sold any hydro-gels that are equivalent to Promeon gels numbered 63b, 63c, 63t, 63x, 72h or 72r. The remaining allegations of paragraph 11 are denied.

12. Admitted in part; denied in part. ConMed admits that a document titled "License Agreement," which purports to be an agreement entered into between Ludlow Corporation and Medtronic as of February 28, 1994 (the "Ludlow License"), is attached as Exhibit 2 of the Complaint. ConMed denies that this document is an "exclusive license

agreement." ConMed is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and therefore denies them.

13. Denied. The allegations of paragraph 13, which purport to summarize portions of the Ludlow License, are denied, because the Ludlow License, a purported copy of which is attached as Exhibit 2 to the Complaint, itself is the best evidence of its contents.

14. Admitted in part; denied in part. ConMed admits that subsequent to the acquisition of AMI it purchased 63b gel from Promeon for use in ConMed's FASTRACE 4 electrode. ConMed is without knowledge or information sufficient to form a belief as to the truth of the allegations that Promeon manufactured and supplied 63b gel to AMI and therefore denies those allegation. Further answering, upon information and belief, ConMed denies that it had purchased 63b gel from Promeon before the acquistion of AMI. ConMed denies the remaining allegations of paragraph 14.

15. Admitted in part; denied in part. ConMed admits that a Supply Agreement dated July 12, 1993 was entered into between Medtronic and ConMed Acq. Inc. (the "Supply Agreement"). ConMed denies that the Supply Agreement was entered into "in order for the FASTRACE 4 Business to continue following its sale to ConMed." The remaining allegations of paragraph 15, which purport to summarize portions of the Supply Agreement and the Asset Purchase Agreement, are denied, because the Supply Agreement and the Asset Purchase Agreement themselves are the best evidence of their contents.

16. Denied.

17. Admitted in part; denied in part. ConMed admits that it purchased 63b gel from Ludlow for use in ConMed's FASTRACE 4 electrode. ConMed is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the dollar

amount of 63b gel that Ludlow sold to ConMed and therefore denies those allegation. Further answering, ConMed admits that it discontinued puchasing 63b gel from Ludlow at some point during 1998. ConMed denies the remaining allegations of paragraph 17.

18. Denied, except that ConMed admits that it has sold a product called the FASTRACE 4 electrode from December 1997 to date.

19. Admitted in part; denied in part. ConMed admits that Ms. Anne E. Fitzpatrick of the Kendall Company wrote a letter dated October 8, 1998 to Mr. Eugene R. Corasanti at ConMed (the "October 8, 1998 letter"). The allegations of paragraph 19 that purport to summarize portions of the October 8, 1998 letter are denied, because the letter itself is the best evidence of its contents. ConMed admits that it has continued to sell its FASTRACE 4 electrode, but denies that it lacks the right to do so and further denies that ConMed's sale of the FASTRACE 4 electrode infringes any patent rights of Ludlow and/or Medtronic. ConMed is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and therefore denies them.

20. Admitted in part; denied in part. Denied, except that ConMed admits that Mr. Daniel W. Latham of Medtronic wrote a letter dated May 17, 1999 to Mr. Daniel S. Jonas at ConMed (the "May 17, 1999 letter"). The allegations of paragraph 20 that purport to summarize portions of the May 17, 1999 letter are denied, because the letter itself is the best evidence of its contents. The allegations of paragraph 20 that purport to summarize portions of the Ludlow License are denied, because the Ludlow License, a purported copy of which is attached as Exhibit 2 to the Complaint, itself is the best evidence of its contents. Finally, the remaining allegations of paragraph 20, including the allegations concerning Medtronic, constitute conclusions of law to which no answer is required, and they are therefore denied.

21. Admitted.

22. Denied. The allegations of paragraph 22, which purport to summarize portions of the Ludlow License, are denied, because the Ludlow License, a purported copy of which is attached as Exhibit 2 to the Complaint, itself is the best evidence of its contents.

Count One

23. - 25. Count 1 of the Complaint has been dismissed by the Court pursuant to its Memorandum and Order dated February 15, 2002. Accordingly, no answer is required by ConMed to the allegations in these paragraphs.

Count Two

26. ConMed incorporates herein by reference its responses to paragraphs 1 through 25 of the Complaint.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## AFFIRMATIVE DEFENSES

1.  Ludlow lacks standing to sue ConMed for infringement of US Patent No. 4,391,278 or U.S. Patent No. 4,581,821 (the "Patents in Suit") with respect to ConMed's use or sale of gel products. In particular, the license granted to Ludlow by Medtronic with respect to the Patents in Suit in the Ludlow License is non-exclusive and subject to the rights granted to ConMed in the License Agreement.

2.  ConMed has not infringed any claim of US Patent No. 4,391,278 or U.S. Patent No. 4,581,821 (the "Patents in Suit"), either directly, indirectly, literally, or under the doctrine of equivalents.

3.  Medtronic, the owner of the Patents in Suit, has granted to ConMed in the License Agreement a non-exclusive license under the Patents in Suit to make, use and sell its gel-containing products, including but not limited to the FASTRACE 4 electrode. Therefore, Ludlow cannot now allege that ConMed's gel-containing products, including the FASTRACE 4 electrode, somehow infringe the Patents in Suit.

4.  Upon information and belief, each claim of the Patents in Suit is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

5.  Ludlow's purported cause of action under the Patents in Suit are barred by laches, waiver and/or estoppel.

6.  Ludlow is precluded from claiming damages against ConMed for acts occurring more than six years prior to the filing of the Complaint pursuant to 35 U.S.C. § 286.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant ConMed prays for:

    a.    A judgment declaring that each claim in the Patents in Suit is invalid and unenforceable;

    b.    A judgment declaring that ConMed has not infringed either directly, indirectly, literally, or under the doctrine of equivalents any claim of the Patents in Suit;

    c.    A judgment declaring that Ludlow is barred by virtue of the License Agreement ConMed and Medtronic from claiming that ConMed has infringed any of the claims of the Patents in Suit by the use and or sale of ConMed's gel-containing products;

    d.    A judgment declaring that Ludlow lacks standing to sue ConMed for alleged infringement of the Patents in Suit by the manufacture, use or sale of products for which non-exclusive rights under the Patents in Suit were granted to ConMed by the License Agreement between ConMed and Medtronic;

   e. A judgment deeming this to be an exceptional case under 35 U.S.C. § 285 and awarding ConMed its reasonable attorneys' fees, expenses and costs in this action; and

   f. Such other further relief as the Court deems appropriate.

Dated: Boston, MA
April 8, 2002

Respectfully Submitted,

*/s/ Bernard J. Bonn III*

Bernard J. Bonn III, Esq. (BBO #049140)
DECHERT PRICE & RHOADS
Ten Post Office Square
Boston, Massachusetts 02109
(617) 728-7100

Of Counsel:
Steven B. Feirson
Andrew J. Mottes
DECHERT PRICE & RHOADS
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
(215) 994-4000

-and-

James R. Muldoon
HANCOCK & ESTABROOK, LLP
1500 Mony Tower I
P.O. Box 4976
Syracuse, NY 13221-4976
(315) 471-3151

Attorneys for Defendant ConMed Corporation